## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEN KRAMBECK and CLAIM DOC, LLC, | : | |
| | : | |
| *Plaintiffs*, | : | CIVIL ACTION |
| | : | |
| v. | : | No. |
| | : | |
| DAVID FISHBONE and NEEDHAM BUSINESS | : | |
| CONSULTING, PA, LLC | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants*. | : | |

## COMPLAINT

Plaintiffs Ben Krambeck and Claim Doc, LLC ("Claim Doc"), for their Complaint against defendants David Fishbone and Needham Business Consulting, PA, LLC ("Needham"), allege as follows:

### THE PARTIES

1.      Plaintiff Ben Krambeck is a citizen of the state of Iowa.

2.      Plaintiff Claim Doc is a Florida limited liability company, with citizenship in Texas, Iowa and Florida.  Claim Doc's sole member is Ben Cap LLC.  Ben Cap LLC has three members:  Richard Abshire, Mr. Krambeck and Benefit Cap Inc.  Mr. Abshire is a citizen of Texas.  Benefit Cap Inc. is incorporated in, and has its principal place of business in, Florida.

3.      Defendant David Fishbone is a citizen of the Commonwealth of Pennsylvania.

4.      Defendant Needham is a Pennsylvania limited liability company, whose sole member is Mr. Fishbone.

## JURISDICTION AND VENUE

5.      The Court has original jurisdiction over this action on the basis of diversity of citizenship as provided in 28 U.S.C. § 1332.

6.      Venue is proper as provided in 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.      Claim Doc provides claim review and auditing services to self-funded health plans for out of network claims or for plans that have determined to not use a network for access to medical services at hospitals and other facilities to pay those claims.

8.      In February 2013, Claim Doc, Mr. Krambeck, and non-party Tim Johnson, who was Claim Doc's managing member at the time, entered into a consulting agreement with Needham and Mr. Fishbone pursuant to which Needham was to provide legal and business consulting services to Claim Doc in exchange for a to be determined amount of compensation. The parties later agreed Claim Doc would pay Mr. Fishbone and Needham 15% of Claim Doc's gross revenue in the first quarter of 2014, and that this compensation figure would be adjusted in the event that Mr. Fishbone and Needham's payment exceeded $5,000 per month.

9.      On December 11, 2015, Claim Doc commenced an arbitration captioned *Claim Doc, LLC v. Needham Business Consulting, PA, LLC*, AAA No. 01-15-0005-9534 in which it sought a declaration of rights and damages because of Mr. Fishbone's and Needham's breach of the consulting agreement.

10.      On December 30, 2015, Needham and Fishbone commenced a litigation captioned *Needham Business Consulting, PA, LLC, et al. v. Krambeck, et al.*, No. 2:15-cv-6868 (E.D. Pa.) in which they sought an injunction because of Mr. Krambeck's and Claim Doc's supposed improper retention of defendants' confidential information.

11.     On March 10, 2016, the parties participated in a mediation in the United States District Court for the Eastern District of Pennsylvania before Hon. David R. Strawbridge.

12.     The parties agreed to the terms of a settlement during the mediation.  The terms of the settlement are memorialized in a Settlement Term Sheet, Promissory Note, and Mutual Release, all which were executed on March 25, 2017.  True and correct copies are attached as Exhibits A, B and C.

13.     Paragraph 4 of the Settlement Term Sheet provides:

> Claim Doc shall pay to Needham the sum of $370,000 for services, payable $45,000 upon execution of this settlement term sheet, and the balance in 21 consecutive monthly installments of $15,000 each and one final monthly installment of $10,000. Payments shall be made on the last business day of each month via ACH.  If Claim Doc is more than 30 days late on any payment, Needham may accelerate the balance owed and require payment of the full unpaid balance within 30 days.

14.     Claim Doc has, as of the date of this Complaint, paid Needham $300,000 pursuant to paragraph 4 of the Settlement Term Sheet.

15.     Paragraph 6 of the Settlement Term Sheet provides:

> Commencing on March 10, 2016, Needham [defined to include Fishbone] shall have no contact, directly or indirectly, with Wirerope Works, Inc., Gardner Trucking, Inc., and Susquehanna Hospital System for the purpose of convincing any of them to alter or terminate their relationship with Claim Doc, for the same duration as payments are made under the settlement term sheet. For purposes of satisfying its obligation to have no indirect contact with Wirerope Works, Inc. for the purposes of convincing it to alter or terminate its relationship with Claim Doc, Needham shall establish a "Chinese Wall" to isolate itself from information about Wirerope Works, Inc.'s choices of vendors for the coming year. So long as Needham complies with this paragraph, the mere fact that one or more of those entities terminate or change their relationship with Clam Doc shall not constitute or give rise to a claim of breach of this paragraph.  Failure of Claim Doc to renew Wirerope Works shall not in and of itself excuse future performance by Claim Doc.

16.     Paragraph 8 of the Settlement Term Sheet provides:

If Needham [defined to include Fishbone] violates paragraphs 6 or 7 of the settlement term sheet, Claim Doc shall have the right to cease all payments to Needham and Needham shall return all money paid to it under this settlement term sheet. Claim Doc shall provide notice before ceasing payments and shall participate in good faith mediation before Judge David Strawbridge (or, should he not be available, a current U.S. Magistrate Judge in the Eastern District of Pennsylvania or retired judge serving at JAMS in Philadelphia) promptly after providing notice.

17.     Fishbone has breached paragraph 6 of the Settlement Term Sheet by his failure to establish the "Chinese Wall" required and by his indirect contact with Wirerope for the purpose of convincing it to terminate its relationship with Claim Doc at a time when Claim Doc was still making payments to Needham pursuant to paragraph 4 of the Settlement Term Sheet.

18.     Fishbone's indirect contact with Wirerope included communications routed through INDECS Corp., which employs Fishbone as consultant.  On May 6, 2016, INDECS Corp. transmitted Fishbone's proposal to move Wirerope's then-existing business with Claim Doc to a newly-formed entity that Fishbone had, with Knox Consulting Group, Inc., created in early 2016 and of which Fishbone was the sole employee, Claim Watcher, LLC ("Claim Watcher").

19.     On information and belief, as Fishbone was participating in the formation of Claim Watcher, he contacted Heather Maseroni, who was then employed by Claim Doc, to become employed by Claim Watcher to work on the anticipated Wirerope account.

20.     As Heather Maseroni was preparing to leave the employ of Claim Doc, she moved confidential electronic documents of Claim Doc first to her personal storage and then to Fishbone at Claim Watcher.

4

21.     On information and belief, Heather Maseroni was persuaded or encouraged by Fishbone to take Claim Doc's confidential information.  In any event, Fishbone (a disbarred former attorney) knew full well when he accepted the confidential Claim Doc information from Ms. Maseroni, that the information was not hers to share with Fishbone.

22.     Following its receipt of Fishbone's May 6, 2016 proposal, Wirerope terminated its relationship with Claim Doc on May 10, 2016 and moved its business to Claim Watcher.

23.     After Wirerope moved its business to Claim Watcher, Wirerope withheld over $100,000 it owes Claim Doc for pre-termination services and, with INDECS, filed a lawsuit against Claim Doc in the District of New Jersey (the "New Jersey Action") captioned *INDECS Corp. et al. v. Claim Doc, LLC*, No. 16-cv-4421 (D.N.J.), claiming that Claim Doc had refused to perform post-termination services not required by the parties' written agreement.

24.     On information and belief, Fishbone persuaded Wirerope to withhold the over $100,000 it owes Claim Doc for pre-termination services and persuaded Wirerope and INDECS to sue Claim Doc for post-termination services Claim Doc was not required to perform.

25.     By letter dated July 25, 2017, plaintiffs provided notice under paragraph 8 of the Term Sheet that Mr. Fishbone had violated paragraph 6 of the Term Sheet.

26.     On August 18, 2017, plaintiffs participated in a good faith mediation in the United States District Court for the Eastern District of Pennsylvania before Hon. David R. Strawbridge.

27.     Plaintiffs have made a total of $300,000 in payments to defendants under the Term Sheet.

28.     Plaintiffs have never been more than 30 days late on a payment to defendants.

## Count I
### (Breach of Contract)

29.     Plaintiffs incorporate by reference paragraphs 1 through 28.

30.     The Term Sheet is a valid contract supported by law.

31.     Plaintiffs have paid all amounts owed to defendants under the Term Sheet through the date of the Complaint.

32.     Paragraph 6 of the Term Sheet requires that defendants have "no contact, directly or indirectly, with [Wirerope] for the purpose of convincing [it] to terminate or alter [its] relationship with Claim Doc." Paragraph 6 also requires that defendants "establish a 'Chinese Wall' to isolate itself from Wirerope Works, Inc.'s choice of claims auditing vendor" for the 2016-17 plan year.

33.     Defendants have violated paragraph 6 of the Term Sheet by directly or indirectly having contact with Wirerope for the purpose of convincing it to alter or terminate its relationship with Claim Doc during the period Claim Doc was paying settlement amounts under paragraph 4 of the Term Sheet.

34.     Defendants have also violated paragraph 6 of the Term Sheet by failing to establish a "Chinese Wall" to isolate themselves from information about Wirerope's choice of vendors for the 2016-17 plan year.

35.     As a result of defendants' violations of paragraph 6 of the Term Sheet, Claim Doc is entitled to cease making payments and defendants are obligated to return all payments received under the Term Sheet.

**Count II**
(Tortious Interference with Contract)

36.     Plaintiffs incorporate by reference paragraphs 1 through 35.

37.     Wirerope has failed and refused to pay Claim Doc over $100,000 it owes for pre-termination services performed pursuant to the contract between them.

38.     On information and belief, Wirerope was persuaded by defendants not to pay the over $100,000 it owes Claim Doc for pre-termination services.

39.     On information and belief, Wirerope would have paid amounts it owes for pre-termination services but for the persuasive efforts of defendants.

40.     On information and belief, Wirerope was persuaded by defendants to participate as a plaintiff in a lawsuit against Claim Doc in the United States District Court for the District of New Jersey, and Wirerope is paying all of the attorney fees and costs of the litigation for both itself and INDECS Corp.

41.     On information and belief, the conduct alleged in paragraphs 1 through 40 was malicious, intended to cause harm to Claim Doc, and not privileged.

42.     As a result of defendants' conduct, plaintiffs have incurred damages.

**Count III**
(Unjust Enrichment)

43.     Plaintiffs incorporate by reference paragraphs 1 through 42.

44.     Defendants have benefitted by their violations of paragraph 6 of the Term Sheet.

45.     Defendants have appreciated the benefits of the money they have received under paragraph 4 of the Term Sheet.

46.     Defendants' acceptance and retention of the money paid to them under paragraph 4 of the Term Sheet after they violated the clear terms of paragraph 6 of the Term Sheet would be inequitable.

**WHEREFORE**, plaintiffs Ben Krambeck and Claim Doc, LLC pray for judgment as follows:

(a)     Awarding damages on the breach of contract claim equal to the amount of money paid by plaintiffs under the Term Sheet;

(b)     Awarding plaintiffs their attorney's fees and expenses; and

(c)     Awarding such other relief as this Court deems just and proper.

Respectfully submitted,

  /s/ David Smith
David Smith (Pa. ID No. 21480)
Courtney Devon Taylor (Pa. ID No. 321546)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103
Telephone: (215) 751-2000
Facsimile:  (215) 751-2205
dsmith@schnader.com
ctaylor@schnader.com

*Attorneys for Plaintiffs Ben Krambeck and Claim Doc, LLC*

Dated:  August 31, 2017